## N. Y. COMMON PLEAS.

In the Matter of a final Accounting of FERDINAND JUNG, as assignee of SAMUEL ROSENBACK and ISAAC LAUTERBACH.

MOSES MAY, appellant, agt. FERDINAND JUNG, respondent.

*The assignment law — When party to a decree in equity, upon an accounting by an assignee,· cannot docket a judgment personally against the assignee as a matter of course.*

A party to a decree in equity, upon an accounting by an assignee for the benefit of creditors which adjudges that the assignee has in his hands a certain sum of money out of which he is directed to pay certain sums, cannot docket a judgment personally against the assignee as a matter of course (J. F. DALY, *J., dissenting*).

*General Term, May,* 1883.

*Before* DALY, *Ch. J.,* VAN BRUNT *and* J. F. DALY, *JJ.*

APPEAL from an order of the special term vacating an order for the examination of respondent in supplemental proceedings.

Respondent was an assignee of Samuel Rosenback and Isaac Lauterbach. Appellant was a creditor of the assignors and cited respondent to account, as such assignee, under the provisions of the general assignment acts of· 1877 and 1878. The respondent, upon petition, obtained a general citation to all persons interested to attend his final accounting, and such proceedings were had, that on June 17, 1881, a decree was made and filed on application of respondent and with consent of appellant by which respondent was ordered to pay a dividend of ten per cent to creditors out of the sum of $14,000.63

Matter of Jung.

found to be in his hands, as assignee, the sums ordered to be paid to appellant being $1,789.82 on one claim and $899.10 upon another. On December 21, 1881, appellant procured a judgment for $2,688.92, the aggregate of said sums, to be docketed in his favor against respondent on the basis of said decree, and issued execution thereon to the sheriff of the city and county of New York, which execution was returned wholly unsatisfied. Appellant procured an order for the examination of respondent in supplementary proceedings, which order was vacated by the court on the grounds : First. That the judgment was entered against respondent as assignee, not personally. Second. That the appellant had signed a composition agreement with the assignors prior to the entry of the decree and had accepted a cash payment thereunder.

It appeared that while the accounting proceedings above referred to were pending before the referee, to whom the assignee's accounts had been referred, the appellant with other creditors agreed to a composition of twenty-five per cent, fifteen in cash and ten in notes, and received the cash on May 5, 1881. The notes were tendered subsequently, but he refused to receive them. The appellant says he signed the composition agreement upon the representation that it was exclusive of the dividend he was to receive upon the accounting. The respondent alleged that the composition was based on the accounts then in process of settlement.

It was also shown that a proceeding by motion had been instituted by respondent on December 22, 1881, to have the execution set aside on the ground that the decree in favor of appellant had been paid and satisfied ; that the court referred to a referee the question of facts, but that the proceeding was dismissed by consent before any determination was arrived at, and the decree and judgment are still in force and the execution has not been set aside.

*Ira Leo Bamburger*, for appellant.

*Mr. Stilwell*, for respondent.

Matter of Jung.

VAN BRUNT, J.— I entirely fail to see by what authority a party to a decree in equity, upon an accounting by a trustee which simply adjudges that the trustee has in his hands, as trustee, a certain sum of money out of which he is directed to pay certain sums, can docket a judgment personally against the trustee as a matter of course. It is true that the assignment law provides that the decree shall be entered, docketed and enforced the same as if made in an original action brought in the county court, but it certainly was not intended that any different course should be pursued than if an action had been commenced in a court of equity against a trustee as such for an accounting. In such an action no individual judgment against the trustee as such can be entered unless provision was made therefor in the decree.

In the case at bar there is not the slightest hint in the decree but that the assignee has not the money to pay the amount directed to be paid, and, without any neglect or default upon his part being brought to the notice of the court, a judgment is docketed against him individually and execution issued against him individually.

If this is the practice under the assignment act, then the moment a decree is entered upon the accounting of an assignee directing the assignee to pay out of his hands certain moneys to creditors, each creditor has the right to docket a judgment at once against the assignee individually and issue execution against his individual property, no matter how willing the assignee may have been to pay the claims against the estate.

No trustee has ever been placed in this position before, and it does not seem to me that the assignment act was ever intended to work such an injustice. What the power of the court might be upon its being shown that an assignee had not complied with its decree, it is not necessary to determine ; but that an assignee was intended to occupy a relation so different from that of every other trustee in the method of enforcing decrees against them does not seem to be possible.

It is a familiar principle that a trustee is not liable indi-

Matter of Jung.

vidually unless he has been guilty of a breach of trust; but in the case at bar he is condemned and executed without ever having had an opportunity of being heard upon the subject as to whether or not he had been guilty of a breach of trust. A breach of trust in general creates only a single contract of debt, and must be enforced as such; but when the trustee has, under seal, covenanted to apply the trust fund according to the trusts declared, a breach of that engagement would create a special debt against them (*Hill on Trustees*, 519).

If this is the rule, it seems to be clear that a trustee cannot be charged individually as for a breach of trust without having an opportunity to be heard.

I am of the opinion that the judgment entered against Ferdinand Jung was void, the clerk having no authority to enter the same, and the order appealed from should be affirmed.

DALY, *C. J.*—I concur with you that the order appealed from be affirmed.

J. F. DALY, *J.* (dissenting). — The proceedings of the creditor, Moses May, appear to be regular in all respects. A decree in accounting proceedings was entered on June 17, 1881, directing the assignee to pay out of funds found to be in his hands specific sums to Moses May as a creditor of the assignors.

The assignment acts provide that the decree shall be entered, docketed and enforced the same as if made in an original action brought in the county court (*Laws of* 1877, *chap.* 466, *sec.* 22, *amended by Laws of* 1878, *chap.* 318, *sec.* 6). The creditor did cause judgment to be entered and docketed in his favor against the assignee upon the basis of the decree, on December 21, 1881, and issued execution upon such judgment. This was the only way to enforce a judgment of the county court, and therefore the only way to enforce this decree (*Matter of Stockbridge, special term, common pleas,* 1879). After return of his execution unsatisfied, the judgment creditor was entitled to

institute supplementary proceedings. The provision of the Code (*sec.* 2458) prescribing that such proceedings can only be had upon a judgment rendered upon the judgment debtor's appearance or personal service of the summons upon him, does not confine the remedy to judgments entered in actions only. The provision was only intended to exclude judgments *in rem.* There was an appearance of the judgment debtor in these proceedings, for he applied for the citation for a general accounting. The judgment was one, therefore, rendered upon the judgment debtor's personal appearance, and the judgment creditor was entitled to maintain the proceedings (*Code, secs.* 2435, 2458).

Upon the return of the order for the examination of the judgment debtor he could not object that the judgment was irregularly entered, or that it was improper or invalid for any reason. His remedy was by motion to correct it or to vacate it (*Gardner* agt. *Lay,* 2 *Daly,* 113). It appears from the case before us that respondent made a motion to set aside the execution, but no decision was made on that motion because the proceedings upon the reference ordered to take proof of the facts was abandoned and dismissed by consent.

It appears, therefore, that the proceedings of the creditor are regular in all respects. The decree in his favor entered on June 17, 1881, was so entered upon the application of the assignee's attorneys. On the record, therefore, it seems that the composition and payment of May 5, 1881, was not in lieu of the dividend awarded the creditors by said decree. Besides, the decree ordered a dividend of ten per cent, to be paid out of the funds in the assignee's hands, while the composition was for twenty-five per cent, fifteen in cash and ten in notes, and the fifteen per cent was paid.

But whatever the fact may be, whether the judgment was entered by mistake, or was irregular, or the dividend provided in it was paid before it was entered, such matters cannot be heard upon the return of the order for examination in supplementary proceedings.